U.S. Equal Employment Opportunity Commission
Two Gateway Center, Suite 1703
Newark, NJ  07102
Justin Mulaire, Supervisory Trial Attorney
(212) 336-3744

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
**U.S. EQUAL EMPLOYMENT** :
**OPPORTUNITY COMMISSION,** :     Civil Action No.  2:18-cv-12856
                         :
         **Plaintiff,** :
                         :
                         :
                         :     **COMPLAINT AND JURY**
    **v.** :     **DEMAND**
                         :
                         :
**HACKENSACK MERIDIAN HEALTH,** :
**INC.,** :
                         :
         **Defendant.**
-------------------------------------------------------------x

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Jojy Cheriyan, an individual who was adversely affected by such practices.  Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that Defendant Hackensack Meridian Health, Inc. ("Defendant") has discriminated against Cheriyan by subjecting him to harassment because of his religion.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey, in substantial part at Defendant's Edison, New Jersey facility.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Hackensack Meridian Health, Inc., a New Jersey corporation, has continuously been doing business in the State of New Jersey, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Cheriyan filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On April 13, 2018, the Commission issued to Defendant an amended letter of determination finding reasonable cause to believe that Defendant was in violation of Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.   The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the amended letter of determination.

9.   The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.   On July 5, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.   Since at least at least in or around August 2015, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Cheriyan to harassment because of his religion:

    a.   Cheriyan is Catholic.

    b.   Defendant hired Cheryian to perform clinical informatics work in or around August 2015.

    c.   Shortly after Defendant hired Cheriyan, his supervisor, Navneet Kathuria, learned that Cheriyan is Catholic.

    d.   Kathuria reacted negatively upon learning that Cheriyan is Catholic and upon seeing other indicia of Cheriyan's religion. For example, Kathuria exhibited disapproval when he first noticed that Cheriyan had placed a crucifix in his office.

    e.   Ever since learning of Cheriyan's religion, Kathuria has routinely treated Cheriyan in a hostile and verbally abusive manner, such as screaming at him during meetings, belittling him and his work (at times in front of others), tearing his work up in

front of him, and throwing objects at him. Such incidents have occurred multiple times in a typical week.

  f. Kathuria's harassment of Cheriyan is motivated, at least in part, by Cheriyan's religion.

  g. Defendant has been aware of Kathuria's harassment of Cheriyan since at least early 2016, as a result of complaints to Defendant's management by Cheryian and others.

  h. Defendant has failed to take reasonable corrective action to stop the harassment, and the harassment has continued to the present.

13. The effect of the practices complained of above has been to deprive Cheriyan of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

14 The unlawful employment practices complained of above were and are intentional.

15. The unlawful employment practices complained of above have been done with malice or with reckless indifference to Cheriyan's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees without regard to religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Cheriyan whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make Cheriyan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Cheriyan punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 16, 2018

Newark, New Jersey

>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>131 M Street, N.E.
>Washington D.C. 20507
>
>
>JEFFREY BURSTEIN
>Regional Attorney
>
>s/ Justin Mulaire
>JUSTIN MULAIRE
>Supervisory Trial Attorney
>
>U.S. Equal Employment Opportunity
>Commission
>Newark Area Office
>Two Gateway Center, Suite 1703
>Newark, N.J. 07102
>
>New York District Office
>33 Whitehall Street, 5th Floor
>New York, NY 10004-2112
>Telephone: (212) 336-3744
>justin.mulaire@eeoc.gov