UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HACKENSACK MERIDIAN HEALTH, INC., <br><br> Defendant. | Civ. No. 2:18-12856 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter is before the Court upon the Equal Employment Opportunity Commission's ("EEOC") motion to strike Hackensack Meridian Health, Inc.'s ("HMH") affirmative defenses under Federal Rule of Civil Procedure 12(f). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, EEOC's motion is **DENIED**.

## I.  BACKGROUND

This case arises from an employment discrimination action brought by EEOC on behalf of Jojy Cheriyan, who is Catholic. Compl., ECF No. 1. EEOC alleges that Cheriyan, while working at HMH, is subjected to a religiously hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* *Id.* ¶¶ 1, 12. That is the sole cause of action in the Complaint.

On October 19, 2018, HMH filed its Answer and Affirmative Defenses. ECF No. 8. Under Federal Rule of Civil Procedure 12(f), EEOC seeks to strike five of HMH's affirmative defenses, arguing "[e]ach of these defenses is legally or factually insufficient or duplicative, and the failure to strike these defenses would unnecessarily delay this action and prejudice EEOC by requiring it to undergo lengthy and burdensome discovery on vague, unavailable and unsupportable defenses." Pl.'s Mem. 2, ECF No. 12-1.[1]

---

[1] HMH agreed to withdraw its failure to conciliate in good faith, application of the N.J. Workers' Compensation Act, waiver/estoppel, and laches affirmative defenses. Cert. of Kristine J. Feher, Ex. B, ECF No. 14-1; Reply Decl. of Renay M. Oliver, Ex. 1, ECF No. 16-1.

1

## II. LEGAL STANDARD

A court has discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike . . . are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citations omitted). A court may grant a motion to strike only if "the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (citations omitted) (explaining a court should avoid analyzing "the merits of a defense where . . . the factual background for a case is largely undeveloped"). Even if the facts are undisputed, "Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Tonka Corp.*, 836 F. Supp. at 218 (citations omitted).

## III. DISCUSSION

Apart from citing two cases discussing the legal standard on motions to strike, HMH puts forth no other cases in support of its arguments. Despite HMH's inability to marshal arguments with relevant case law, the Court finds EEOC has failed to show how HMH's asserted affirmative defenses here provide inadequate notice and cause undue prejudice. *See Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (pleading affirmative defenses in an answer serves "to avoid surprise and undue prejudice" in giving the plaintiff notice and a chance to show why the defenses should fail).

HMH's asserts as affirmative defenses: (1) statute of limitations, (2) failure to mitigate damages, (3) not entitled to compensatory or punitive damages, (4) not entitled to back or front pay, and (5) failure to show an adverse employment action. ECF No. 8. Although these defenses may accomplish nothing more than to recapitulate HMH's denials of EEOC's sole hostile work environment claim, rendering them redundant or irrelevant, the Court finds unavailing the contention that leaving the defenses in "will substantially complicate the discovery proceedings and the issues at trial," thereby prejudicing EEOC. *See F.T.C. v. Hope Now Modifications, LLC*, Civil No. 09-1204, 2011 WL 883202, at *4 (D.N.J. Mar. 10, 2011) (citation omitted) (denying motion "to strike defenses in the absence of a showing of prejudice to the moving party").

EEOC cites *Innovative Sports, Management, Inc. v. Neto*, No. 13-1497, 2013 WL 5935982, at *2 (D.N.J. Nov. 1, 2013), to argue its allegation alone that HMH's defenses would lead to protracted discovery and needless motion practice is enough to show undue prejudice, but that case is distinguishable. In *Innovative Sports, Management, Inc.*, the court granted plaintiff's motion to strike 34 affirmative defenses since the defenses were "patently insufficient and [we]re not evidently applicable to the claims asserted by [p]laintiff." *Id.* For example, one defendant used "the single words, 'laches,' 'license,' 'payment,' and 'release,' as individual affirmative defenses, with no explanation or additional information whatsoever." *Id.* That is not the case here. There is no "extensive guesswork needed to understand the nature and scope of each defense." *See id.* HMH has

provided sufficient notice as to what the defenses entail, shed light on the relevant law it intends to raise, and given EEOC adequate opportunity to discern the defenses' viability. *See Robinson*, 313 F.3d at 135.

In all, EEOC cites no binding precedent to establish how the "insufficiency of the defense[s] [are] clearly apparent." *Cipollone*, 789 F.2d at 188. The Court thus denies striking the challenged affirmative defenses.

## IV. CONCLUSION

For the reasons stated above, EEOC's motion to strike is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

                                            */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: December 10, 2018**